UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____
(to be assigned upon filing if this is a new civil complaint)

WILSON, RALPH EDWIN )
    Plaintiff, )
 )
vs. )
 )
    MIAMI-DADE )
COUNTY )
 )
CARLOS ALVAREZ, DIRECTOR )
MIAMI-DADE POLICE DEPT )
    Defendants. )

00-4056 CIV-HIGHSMITH

## COMPLAINT

I, RALPH EDWIN WILSON plaintiff, in the above-styled cause, sues defendant; METROPOLITAN MIAMI-DADE COUNTY.

This action is filed under.   Title VII or the Civic Rights Act of 1964, 42 U.S.C. for discrimination based on race, for intentional infliction of emotional distress under the Tort Law of the State of Florida; for negligent supervision under the Tort Law of the State of Florida, and for slander, defamation of character, sexual harassment, violation of prisoner's civil rights, and the Right to Privacy Act.



1.   I bring this law suit against the Defendant to recover back pay, front pay, compensatory damages, punitive damages, reasonable attorney's fees and costs for unlawful employment discrimination based on race and wrongful discharge by defendant in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e et. seg., and the Civil Rights Act of 1870, 42 U.S.C. §1981. Further, I bring this action against the Defendant for compensatory and punitive damages for intentional infliction of emotional distress as well as the aforementioned violations.

2.   Jurisdiction and venue is vested in the Court pursuant to 28 U.S.C. §§1331 and 1343 (a)(4), 42, U.S.C. §§1981, 2000e 5(f)(3), 1367. I, the Plaintiff, timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (E.E.O.C.), and have received a Notice of Right to Sue letter dated July 25, 2000.

3.   I am an African-American male who has lived in South Dade County all of my life and I work within the communities in which I've lived.

4.   I have been employed by Defendant since September, 1987, twelve years as a police officer.

5.   On or about November 10, 1998 I began to have racially based difficulties with my former supervisor, Sergeant Albert Christensen, and Police Officers Brian Mustacci and Alberto Palacio. These individuals are white. Officers Mustacci and Palacio accused me of being a community activist, a racist, and alleged that I did not arrest Blacks.

6.   These allegations arose (based on their perception), after a civilian witness to an arrest effected on a third person by the two officers came forth to file a complaint against the officers. The officers saw me talking with the civilian and began to shine their spotlight in our faces. As I

worked over to where Officers Mustacci and Palacio were stopped, they drove away leaving the area. I followed them out of the area, two blocks away they came to a stop. Both officers approached me in an aggressive manner and accused me of soliciting complaints against them.

    7.    Officers Mustacci and Palacio later complained to Sergeant Christensen alleging that I was soliciting complaints from citizens and I responded to where they were. Sergeant Christensen asked me, "Are you trying to get some on duty?" I responded, "I don't know what you are referring to." Sgt. Christensen stated, "You know what I am talking about --- your Honey, your squeeze that you talking to." I responded asking the Sergeant, "Are you accusing me of wrong doing?" Sergeant Christensen stated, "Well, why were you there?" I then explained to Sgt. Christensen that I was routinely patrolling in that area when the female citizen stopped me asking if I knew of a B/M who was arrested the day before and she further stated that the officers had beaten and choked this person and made him sit in the rain handcuffed while the officers did paper work inside of the vehicle. I explained that I directed the citizen to go to the Cutler Ridge District if she wishes to speak with a supervisor and that's when Officers Mustacci and Palacio arrived. Officers Brian Mustacci and Alberto Palacio continued to accuse me of being a racist. I questioned Sgt. Christensen as to whether I had done wrong in directing this citizen to our station. Sgt. Christensen stated that he found no fault in my handling of the citizen, but he refused to take a complaint from me about the officers' actions towards me. He offered an excuse stating, "They were just checking on your well being." This began an onslaught of harassment and retaliatory actions against me.

    8.    November 15, 1998 - I filed a complaint with Sgt. Christensen about harassment on the radio and missing reports which had been turned in to him.

9. Week of December 5, 1998 - A second complaint to Sgt. Christensen and I met with Lieutenant Robert Brown concerning my unanswered complaints to Sgt. Christensen and I requested a change of squads to avoid confrontations

10. Late December, 1998 - Sgt. Christensen, without solicitation, advises that Lieutenant Brown directed him to order officers to stop the radio harassment of me but Sgt. Christensen refused to tell me who these officers were.

11. December 1998 - Lt. Brown informally advised that he could not transfer me from Sgt. Christensen's squad due to conflicts with Sgt. Teresa Causey of the squad that I requested to go to.

12. I met with Sgt. Causey questioning the conflict and she stated, "Per Lt. Brown, you need to resolve your problems on your current squad."

13. I met again with Lt. Brown now expressing a desire to go to any squad because the officers are not backing me up on calls (officer safety concerns).

14. On January 6, 1999, an incident occurred during one of my arrests in the community. Present at the incident were Christensen, Mustacci and two other White police officers, David Riley and Paul Mitchum. The incident involved Mustacci saying the following to me, " Wilson, you're just a low life ass fucking nigger..." while placing his hand on his holstered handgun. Christensen instructed him not to speak to me that way but, he repeated the racial slur anyway.

15. That day we involved two lieutenants in the matter, Ed Howett and Robert Brown, both White individuals. Nothing was done to address my concerns. Two days later I filed a race discrimination complaint with Respondent's internal affairs department (IA). Christensen threatened

me with retaliation if I approached IA with my complaint. IA continues to investigate the matter to this day. Since my complaint I have been constantly harassed and intimidated and threatened with investigations and followed and conspired against by these White individuals.

16. Respondent did not separate me from these White individuals. I asked to be placed on a shift away from them. Respondent reported to me that no vacancies existed elsewhere. I even found a White female officer that was willing to exchange shifts with me but Respondent would not allow her to do this exchange. Respondent refuses to curtail the racially hostile and retaliatory environment I continue to work in to this day.

17. I believe Respondent has been discriminating against me by allowing me to work in a racially hostile environment and allowing retaliation to take place against me in this environment in violation of Title VII of the Civil Rights Act of 1964, as amended.

18. On July 8, 1999, I filed a charge of employment discrimination (charge) against Respondent with the Miami District Office of the United States Equal Employment Commission. that charge number is 150 99 3362, ᴀɴᴅ ɴᴜᴍʙᴇʀ ɪѕᴇᴇ ᴀᴄᴄᴏᴅɪᴄ.

19. I am an African-American police officer. I have been retaliated against by Respondent because of my complaints of race discrimination and because of my previous charge.

20. In or around April, 1999, Sergeant Jeffrey Lampert (White) slandered me by approaching other Respondent supervisors stating to them that I was "schizophrenic" and had a split personality and that I was making false complaints against Sergeant Albert Christensen and Lieutenant Robert Brown (both White) because I wanted to get them in trouble with Respondent.

21. In or around March, 1999, Respondent conducted an unnecessary investigation into my alleged use of overtime hours to participate as a court witness in the case of State of Florida

versus Jovac Washington and Stephen Jones. This investigation was a form of intimidation and attempt to discipline me.

22. In or around April, 1999, during the arrest of Denard (last name unknown) he bit my hand. Respondent has refused to test me or the suspect for HIV infection. This is contrary to Respondent policy.

23. On May 21, 1999, I discovered a revealing photograph of a nude woman in my work mailbox. On the picture was written, in essence, "...stupid nigger, suck less dick, eat more pussy...". I have complained to Respondent's internal affairs division about this incident.

24. Effective May 22, 1999, I have been relieved of my law enforcement authority, duties and responsibilities after a confrontation I had with Sergeant Nelson Aloy (White). Lieutenant Robert Brown accepted Sgt. Aloy's view of the matter and this was his way of disciplining me. I am also not allowed to enter into the secure portion of the station, use the weight room or, utilize a Respondent motor vehicle. Other police officers who have been relieved of duty are not being excluded as I am from these privileges.

25. On September 12, 1999, White Respondent police officers conducted three different traffic stops of me while I was off work driving my own car and eventually arrested me for "fleeing and eluding a police officer and reckless driving, *carrying a concealed firearm*.

26. I believe Respondent has been discriminating against me through the aforementioned based on my race (Black) and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

27. June 09, 1999 I was ordered to submit to a substance abuse analysis (drug test).

28. Since January when I filed complaints against Lieutenant Robert Brown. He Has written five disciplinary action responses for violation of operational procedures against me.

29. Defendant/ Respondent failed to remove/ separate me from lieutenant Brown's direct supervision after I filed complaints against him.

30. July of 1999, I met with Major Charles Thompson attempting to file complaints, but he directed me to psychological services, instead of hearing my complaints.

31. July 14, 1999 I responded to defendant's internal affairs unit and filed complaints of targeted discrimination, harassment, while officers following me form my home and in the streets. I filed complaints against Sgt. Jeffrey Lampert, Sgt. Nelson Aloy, and I filed a complaint about a nude photo which was left in my station mailbox, within a secure area of the station.

32. During my arrest at the Cutler Ridge Station, I was placed in a holding cell without food or water for nearly seven hours in violation of state law and defendant's policy.

33. Officers David Lillard and Enrique Sanchez fabricated facts of the arrest charging me criminally and officers and supervisor tampered with evidence in order to facilitate a felony charge against me. *These charges were dismissed by the Dade County state attorneys office.*

34. My holster for my gun was removed from my firearm and stolen out of my vehicle. As a further and separate cause of action the allegations of paragraph 1 through 34 inclusive are herein incorporated by reference. The racial slurs and associated work relates harassment by officers and supervisors individually. And as the agent of the defendant over a period of one and a half years has caused extreme emotional distress affecting my health and the defendant has failed to stop this harassment and failed to move me after numerous complaints.

Wherefore, Plaintiff respectfully requests that this Court award Plaintiff compensatory damages, pre-judgement interest, fringe benefits, attorney's fees, coast, over-time payments, emotional distress damages, and grant such other punitive. compensatory and future earnings/retirement awards as this Court deems just and proper.

Signed this 24th day of October, 2000.

### Demand for Jury Trial

Plaintiff demands trial by jury on all counts.

_____
RALPH E. WILSON
22545 SW 113 Court
Miami, Florida 33170
(305) 233-2209 (Home)

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| Florida Comm. on Human Relations | and EEOC |
|---|---|
| *State or local Agency, if any* | |

**NAME** *(Indicate Mr., Ms., Mrs.)*
Mr. Ralph E. Wilson

**HOME TELEPHONE** *(Include Area Code)*
(305) 223-2209

**STREET ADDRESS**    **CITY, STATE AND ZIP CODE**
22545 Southwest 113 Court, Miami, FL 33170

**DATE OF BIRTH**
06/14/1965

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** *(If more than one list below.)*

**NAME**: Miami-Dade Police Department
**NUMBER OF EMPLOYEES, MEMBERS**: Cat D (501 +)
**TELEPHONE** *(Include Area Code)*: (305) 378-4300

**STREET ADDRESS**    **CITY, STATE AND ZIP CODE**
10800 Southwest 211 Street, Miami, FL 33189
**COUNTY**: 025

**CAUSE OF DISCRIMINATION BASED ON** *(Check appropriate box(es))*
[X] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[X] RETALIATION   [ ] AGE   [ ] DISABILITY   [ ] OTHER *(Specify)*

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST: 11/05/1998    LATEST: 07/08/1999
[X] CONTINUING ACTION

**THE PARTICULARS ARE** *(If additional space is needed, attach extra sheet(s)):*

1. I am a Black individual.

2. I have been employed by Respondent as a police officer since September 28, 1987.

3. Since November 10, 1998 I have had racially based difficulties with my former supervisor, Sergeant Albert Christensen, and police officers Brian Mustacci and Al Palecio. These individuals are White. They accused me of being a "racist" and being a Black community activist.

4. On January 6, 1999, on incident occurred during one of my arrests in the community. Present at the incident were Christensen, Mustacci and two other White police officers, David Riley and Paul Mitchum. The incident involved Mutacci saying the following to me, "...Wilson, you're just a low life ass fucking nigger..." while placing his hand on his holstered handgun. Christensen instructed him not to speak to me that way but, he repeated the racial slur anyway.

5. That day we involved two lieutenants in the matter, Ed Howett and Robert Brown, both White individuals. Nothing was done to address my concerns. Two days later I filed a race discrimination complaint with Respondent's internal affairs department (IA). Christensen threatened me with retaliation if I approached IA with my complaint. IA continues to investigate the matter to this day. Since my complaint I have been constantly harassed and intimidated and threatened with investigations

[X] I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

**NOTARY** - (When necessary for State and Local Requirements)
I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

X 07/08/99   X *[signature]*
Date    Charging Party *(Signature)*

**SIGNATURE OF COMPLAINANT**

**SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE**
(Day, month, and year)

EEOC FORM 5 (Rev. 06/92)

Jul 08 15:29 1999   CP Initials /s/         Chg # 150993362;  Attachment Page 1

---

Equal Employment Opportunity Commission
Form 5 - Charge of Discrimination, Additional Text

---

and followed and conspired against by these White individuals.

6. Respondent did not separate me from these White individuals. I asked to be placed on a shift away from them. Respondent reported to me that no vacancies existed elsewhere. I even found a White female officer that was willing to exchange shifts with me but, Respondent would not allow her to do this exchange. Respondent refuses to curtail the racially hostile and retaliatory environment I continue to work in to this day.

7. I believe Respondent has been discriminating against me by allowing me to work in a racially hostile environment and allowing retaliation to take place against me in this environment in violation of Title VII of the Civil Rights Act of 1964, as amended.

# CHARGE OF DISCRIMINATION

| AGENCY | CHARGE NUMBER |
|---|---|
| [X] EEOC | 150A00062 |

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

_Florida Comm. on Human Relations_ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Ralph E. Wilson | (305) 233-2209 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 22545 Southwest 113 Court, Miami, FL 33170 | | 06/1-/1965 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Miami-Dade Police Department | Cat D (501 +) | (305) 378-4300 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 10800 Southwest 211 Street, Miami, FL 33189 | | 025 |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))
[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST — LATEST: 04/12/1999
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

1. On July 8, 1999, I filed a charge of employment discrimination (charge) against Respondent with the Miami District Office of the United States Equal Employment Opportunity Commission. That charge number is 150 99 3362.

2. I am a Black police officer. I have been retaliated against by Respondent because of my complaints of race discrimination and because of my previous charge.

3. In or around April 1999, Sergeant Jeffrey Lampert (White) slandered me by approaching other Respondent supervisors stating to them that I was "schizophrenic" and had a split personality and, that I was making false complaints against Sergeant Albert Christensen and Lieutenant Robert Brown (both White) because I wanted to get them in trouble with Respondent.

4. In or around March 1999, Respondent conducted an unnecessary investigation into my alleged use of overtime hours to participate as a court witness in the case of State of Florida versus Jovac Washington and Stephen Jones. This investigation was a form of intimidation and an attempt to discipline me.

5. In or around April 1999, during the arrest of Denard (last name unknown) he bit my hand. Respondent has refused to test me or the

[X] I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

X 10/03/00   X _Ralph E. Wilson_
Date         Charging Party (Signature)

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

EEOC FORM 5 (Rev. 06/92)

Oct 08 13:39 1999   CP Initials [signature]   Chg # 150A00062, Attachment Page 1

---
Equal Employment Opportunity Commission
Form 5 - Charge of Discrimination, Additional Text
---

suspect for HIV infection.  This is contrary to Respondent policy.

6. On May 21, 1999, I discovered a revealing photograph of a nude woman in my work mailbox.  On the picture was written, in essence, "...stupid nigger, suck less dick, eat more pussy..."  I have complained to Respondent's internal affairs division about this incident.

7. Effective May 22, 1999, I have been relieved of my law enforcement authority, duties and responsibilities after a confrontation I had with Sergeant Nelson Aloy (White).  Lieutenant Robert Brown accepted Sgt. Aloy's view of the matter and this was his way of disciplining me.  I am also not allowed to enter into the secure portion of the station, use the weight room or, utilize a Respondent motor vehicle.  Other police officers who have been relieved of duty are not being excluded as I am from these privileges.

8. On September 12, 1999, White Respondent police officers conducted three different traffic stops of me while I was off work driving my own car and eventually arrested me for "fleeing and eluding a police officer and reckless driving."

9. I believe Respondent has been discriminating against me through the aforementioned based on my race (Black) and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

00-4056

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

MAGISTRATE JUDGE
GARBER

**I. (a) PLAINTIFFS**  Wilson, Haron E.

**DEFENDANTS**  CIV-HIGHSMITH (Board of County Commissioners)
Carlos Alvarez, Director
Miami-Dade County Police Dept.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

NIGHT BOX FILED
OCT 25 2000
CLARENCE MADDOX
CLERK USDC/SDFL/MIA

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
A: Dade 1:00CV/4056/SH/BLG

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: (DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☒ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA 1395ff | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☒ 442 Employment | HABEAS CORPUS: | ☒ 790 Other Labor Litigation | ☐ 865 RSI 405(g) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
**IF ANY**   JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY